## THOMPSON et al. v. DUNCAN.
### No. 10903.

Court of Civil Appeals of Texas. Dallas. Dec. 5, 1931.

Starnes, James, Clower & Gibson, of Greenville, for appellants.

W. E. West, of Canton, and W. B. Harrell, of Dallas, for appellee.

LOONEY, J.

J. L. Duncan sued J. T. Thompson, E. B. Tunnell, E. L. Fowler, and B. M. Fowler, residents of Van Zandt county, for damages for libel and slander, alleging that the defendants combined and conspired to defame his character, and that, in furtherance of the conspiracy, defendant Thompson uttered the slanderous words and published the libelous matter, of which complaint is made.

Defendants filed separate pleas of privilege, which were contested by plaintiff, the material allegations of his contesting affidavit being that: "Said J. L. Duncan states, on oath, that the facts relied upon to confer venue of this cause in the county where it is pending is that he, the plaintiff, resided in Dallas County, Texas, at the time of the accrual of the cause of action set out in plaintiff's petition, and has continuously resided in Dallas County since said time, and so resided at the time this suit was filed, and that the suit is one for damages for libel and slander and comes within subdivision 29 of Revised Statutes, article 1995, as an exception to exclusive venue in the county of one's residence."

On the hearing, plaintiff introduced in evidence his original petition, and proved by evidence aliunde that he was residing in Dallas county on September 27, 1929, and thereafter during the entire period of the alleged libel and slanders. No other evidence was introduced, and on the record thus made the court overruled defendants' pleas of privilege, from which they appealed.

Defendants urge, as grounds for reversal, in substance that plaintiff failed to allege and prove the fact or facts relied upon to confer venue of the suit on the district court of Dallas county, in that he offered no proof as to the alleged cause of action, and none as to the alleged conspiracy. The substance of plaintiff's answer to this contention is that, having alleged in the contesting affidavit and proven by the introduction of his petition that the character of the suit was one for damages for libel and slander, and that at the time of the accrual of the alleged cause of action he resided in Dallas county, he discharged all burdens, both of pleading and proof; therefore the court committed no error in overruling defendants' pleas of privilege.

Defendants' pleas of privilege put in issue the existence of every fact constituting an exception to exclusive venue in the county of their residence, and cast upon plaintiff the burden of alleging and proving the fact or facts relied upon to confer venue of the cause on the district court of Dallas county. Did plaintiff discharge this burden? We do not think so. The petition discloses that the character of the suit is as alleged in the contesting plea, that is, a suit for damages for

libel and slander, but its allegations cannot be received as proof otherwise. Plaintiff sought to bring the case under subdivision 29 of article 1995, R. S. 1925, on the contention that his residence was in Dallas county at the time of the accrual of the alleged cause of action. The allegations of the contesting affidavit are doubtless sufficient to raise that issue, and, while plaintiff made satisfactory proof that he resided in Dallas county on September 27, 1929, and continuously thereafter, no proof was offered showing, or tending to show, that he was slandered or libeled on that or on any other date.

Plaintiff seemingly contends that the rule governing in suits for the recovery of land, etc., is applicable to the question under consideration. Venue of these suits is fixed by subdivision 14 of article 1995, in the county where the land, or a part thereof, may lie, and decisions under this subdivision hold, in effect, that, as the character of the action is a question of law, determinable solely from the petition, the issue as to venue may be determined from the petition and the plea of privilege. The following cases support this idea: Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015.

But we have here an entirely different question. The venue of libel and slander suits under subdivision 29 (article 1995) is not as definitely and unqualifiedly fixed as is the venue of suits controlled by subdivision 14, in that a plaintiff in the former class of suits is only authorized to bring the same in the county of his residence, if he resided there at the time the cause of action accrued, while suits controlled by subdivision 14 must be filed in the county where the land, or a part thereof, is situated, and not elsewhere. It is evident, therefore, that there exists in each libel or slander suit an element of fact that determines proper venue that does not exist in cases controlled by subdivision 14; consequently the burden rested upon plaintiff to allege and prove, at least prima facie, a cause of action—in other words, that he had been libeled or slandered, and at the time resided in the county where he filed the suit. To bring the instant case within the exception to exclusive venue provided in subdivision 29, plaintiff should have alleged in his contesting plea these essential facts, and made proof of same, and for this purpose was not permitted to rely upon the allegations of either petition or contesting affidavit, but should have made proof aliunde.

Plaintiff sued Tunnell and the Fowlers on the theory that they were parties to a conspiracy to defame him, and that Thompson, a coconspirator, in furtherance of the conspiracy, uttered certain slanders and published a certain libel. In order to defeat the pleas of privilege filed by these defendants, we are of opinion that plaintiff should have alleged in his contesting affidavit, and made proof prima facie at least, not only that he had been defamed by Thompson, as alleged, but that the alleged conspiracy between him and the other defendants existed.

To sustain the contention of plaintiff, we will have to assume, in the absence of appropriate allegations in the contesting affidavit and without proof aliunde, that he was slandered and libeled by Thompson in furtherance of a conspiracy that existed between him and the other defendants, and that at the time of the accrual of plaintiff's alleged cause of action he resided in Dallas county where the suit was instituted. These assumptions we are not at liberty to make, as they involve the very fact or facts necessarily relied upon by plaintiff to confer venue of the suit on the courts of Dallas county, and under article 2007 the burden was upon him, not only to suitably allege their existence in his contest, but on the hearing to make prima facie proof thereof, all of which he failed to do. The following authorities we think are in point and sustain our view of the case: Montgomery v. Turner (Tex. Civ. App.) 233 S. W. 543; Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351, 353; Smith Grain Co. v. Shuler (Tex. Civ. App.) 249 S. W. 524, 525; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; Dallas Ry. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241, 242; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Bender v. Kowalski (Tex. Civ. App.) 13 S.W.(2d) 201; Hudgins v. Hansbro (Tex. Civ. App.) 11 S.W.(2d) 607; Oakland, etc., Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, 865.

In harmony with these views, we hold that the court below erred in overruling defendants' pleas of privilege; therefore its judgment is reversed and judgment here rendered, sustaining said pleas and changing the venue of the case to the district court of Van Zandt county.

The clerk of the court below will immediately, on receipt of mandate, make out a correct transcript of all the orders made in the cause, certifying thereto officially under the seal of the court, and send the same, with the original papers in the cause, to the clerk of the district court of Van Zandt county.

Reversed and rendered.