## CASH DRUG STORE v. CANNON.
### No. 2221.

Court of Civil Appeals of Texas. Beaumont.

March 31, 1932.

Rehearing Denied April 6, 1932.

Guinn & Guinn, of Rusk, for appellant.

J. J. Collins and Mantooth & Denman, all of Lufkin, for appellee.

WALKER, J.

This was an action for slander brought by appellant, Cash Drug Store, against appellee, Dr. R. T. Cannon, on allegations that appellee had slandered appellant by uttering the following language to Mrs. Emma Vansaw in the presence of other persons: "Carry these prescriptions to any drug store, except the Cash Drug Store; their drugs are inferior grade, and their druggist is not efficient."

Among other defenses, appellee denied uttering the language charged against him and pleaded privilege. The judgment was in favor of appellee on an instructed verdict. The facts are that Mrs. Vansaw's son was very sick with pneumonia. She called Dr. Cannon to her home to treat her sick son. After carefully examining the patient Dr. Cannon wrote a prescription for him. As he was leaving the house some one asked Dr. Cannon where to carry the prescription to be filled, and, for the purpose of this opinion (but only for that purpose), we say the evidence raised the issue that appellee used the language charged against him. Under the evidence no one heard this statement except the mother and brothers and the two grandmothers of the patient. A neighbor, who was in no way related to the patient, was present, but, under all the testimony, this neighbor did not hear the slanderous statement.

Under the undisputed facts, if Dr. Cannon uttered the language charged against him, it was to privileged persons and on a privileged occasion. The inquiry addressed to Dr. Cannon was a proper one, and it was his duty to answer it, but, of course, in doing so, he had no right to exceed the privilege accorded him by law.

Appellant seeks to bring this case within the rule announced by the Commission of Appeals in Perry Bros. Variety Stores v. Layton, 119 Tex. 130, 25 S.W.(2d) 310. But that case has no application to the facts of this case. In that case the slanderous statements were made in a store open to the general public, by the manager of the store, and in the presence and hearing of customers who were there on the implied invitation of the owner of the store, and who had no interest in the subject-matter of the statements. In this case only one person was present at the time the statements were made who was not closely related to the patient, that is, his immediate blood relatives. This third person testified positively that he did not hear the slanderous statement charged against Dr. Cannon, and another distinguishing fact is that this third person was not present on the invitation of Dr. Cannon. Clearly, the facts attending the utterance of the slanderous statement by Dr. Cannon did not destroy his privilege.

Again appellant seeks to raise the issue of malice against Dr. Cannon by showing that the statement was so recklessly made as to amount to a willful and wanton act. Appellant denied making the statement. Under all the testimony, he knew nothing of the quality of the drugs sold by appellant, nor of the character of its druggist. There was not a scintilla of evidence in the record to suggest

that appellee had ever manifested the slightest ill will towards appellant prior to the time in issue. The only evidence offered by appellant on this issue was that at one time appellee refused to authorize the refilling of a narcotic prescription and agreed to it only upon a second request by the owner of the store, and, second, that the principal owner of Cash Drug Store went to appellee's office and demanded a retraction in writing and the payment of damages, and showed to appellee at the time, a petition against him which he said would be filed immediately unless the retraction was signed and damages paid. Appellee refused to make the retraction and to pay damages. The testimony was further to the effect that it was customary in the city of Lufkin for the doctors to send their prescriptions to a drug store of their choice; the reason being that thereby they could easily refer to their old prescriptions when necessary. It was further shown that Dr. Cannon did not censure or criticize his professional brethren, and did not "say derogatory or damaging things regarding druggists and drug stores."

Appellant is a corporation. The following testimony, given by Mr. Rogers, who owned practically all of the stock of the corporation, explains somewhat the standing of appellant in the city of Lufkin, where it was domiciled, and which was the home of appellee. Mr. Rogers testified that the Cash Drug Store was a corporation; he was the principal owner; it was incorporated as a matter of convenience; a few years ago he owned a drug business under a different corporate name; he filed the suit against Dr. Cannon within twenty-four hours after hearing that he had uttered the slanderous statements; he had studied law; he himself wrote the petition; before he went to talk with Dr. Cannon he wrote the original petition, which was filed in this case; he took this petition, wherein he asked for $15,000 damages, to appellee's office; appellee denied making the statement and refused to pay damages; on the same day the suit was filed; while he was operating a drug store individually he and two of his employees were indicted by the federal court for violating the narcotic law; his brother W. B. Rogers and his employee John R. Hill pleaded guilty; this was shortly after they first opened the drug store and later the business was incorporated; two or three years before the trial of the case Cash Drug Store filed voluntary petition in bankruptcy; on the hearing in bankruptcy before federal court he was a witness and testified relative to the affairs of the Cash Drug Store; the federal grand jury at Tyler, at the last session, presented an indictment against him for perjury, or false swearing,

based on his testimony given on the hearing in bankruptcy.

The facts of this case bring it clearly within the rule announced by this court in Foley Bros. Dry Goods Co. v. McClain, 231 S. W. 459, and on authority of that case the judgment of the lower court is in all things affirmed.