**AMERICAN PUB. CO. et al. v. ROGERS.**

No. 4382.

Court of Civil Appeals of Texas. Texarkana.

Nov. 1, 1933.

Rehearing Denied Nov. 23, 1933.

Samuels, Foster, Brown & McGee, of Fort Worth, and Jerome Sneed, Jr., of Austin, for appellants.

Cofer & Cofer, of Austin, and Cunningham & Lipscomb, of Bonham, for appellee.

LEVY, Justice (after stating the case as above).

■ It is believed there may not be predicated in the case an objection of Fannin county's being the wrong venue or county in which the action could in the first instance he brought for trial. The petition of the plaintiff set out in full the words printed in the newspaper and circulated, and the words which he claimed to be untrue and of defamatory imputations, and contained allegations of damages. It was charged, in effect, that both defendants were concerned with the report and publication of the matter claimed to be defamatory. It was specially alleged that the plaintiff was a resident of the county in which such suit was instituted. Considering alone the averments of the petition, as we do for the purpose of the decision of the present appeal, the two things must be determined as affirmatively appearing that: (1) The plaintiff has instituted a suit against the defendants named in the county of his residence, and not in the county of their residence, and (2) the character or nature of the suit must be deemed legally that of damages for libel. As very aptly stated in Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328: "On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition." Rule approved: Sims v. Trinity Farm Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856, 857; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Texas Farm Mortgage Co. v. Starkey (Tex. Civ. App.) 25 S.W.(2d) 229; and other cases cited in the above cases. The underlying purpose and important result of the determination of the character or nature of the suit is that purely of fixing or laying the controlling venue or county of trial which is pointed out by the statute itself for that certain special class of cases. That is the test by which it may be determined whether a particular cause of action could be brought for trial elsewhere in the state than the county of the defendants' residence. The question concerns the place or county of trial as an exception for the special class of cases pointed out by the statute, and not of the right of the court to hear and determine the particular cause on its merits. The nature of the suit pleaded being legally that of damages for libel, such suit may, as a matter of pure law, in the first instance be brought for trial in the residence of the plaintiff. Libel is not an action that has one county and but one in which it should be brought for trial. The venue or county of trial is expressly laid by the statute in the county of the residence of either the plaintiff or the defendant, at the election of the plaintiff. Subdivision 29 of article 1995 reads: "29. A suit for damages for) libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or. the domicile of any corporate defendant, at the election of the plaintiff."

■ Determining the character of the action pleaded and the county of trial pointed out by statute for that class of cases, then the questions for decision by the trial judge and for the appellate court on appeal became that (1) of whether the plaintiff substantially meets the requirements of the statute as respects his controverting affidavit to the plea of privilege, of averment and proof, and (2) of whether the venue laid in the petition of the original case agrees with the venue or county of trial actually shown with particularity by the evidence offered on the hearing of the plea of privilege. Although, as above stated, the petition of the plaintiff must be considered by the court for the purpose of determining the legal nature or character of the suit, yet, as against a plea of privilege, the allegations alone of the petition cannot be relied upon by the plaintiff as constituting prima facie proof of his right to bring the suit in the first instance in a particular alleged county. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Sims v. Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856. It cannot at all events be conclusively presumed that the original petition of the plaintiff has stated the true legal place of venue. It is required by statute of the plaintiff, in order to avoid the force of the plea of privilege filed by the defendant, to make a controverting affidavit with averments under oath of the existence of the specific facts relied upon to confer venue in that county. Article 2007, R. S.; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282; Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 652. The manifest object of that provision of statute is to have the true place of venue actually proven on the hearing of the plea of privilege in order to avoid giving venue to the action of the wrong, or untrue or fictitious place, if so alleged in the original petition. It is possible in a given case for a plaintiff to

evade the true venue of a case by alleging, by mistake or intention, the wrong or untrue county of venue. The exception to the above rule as respects the relying upon the original petition for venue might probably be in cases where venue is laid in the county where the land may lie. Thompson v. Duncan (Tex. Civ. App.) 44 S.W.(2d) 508.

In the controverting affidavit of the present appeal the plaintiff set up in general statement that the action upon which he sought a judgment was that of a libel suit, and, in effect, that the facts relied upon to establish such cause of action were shown in the allegations of his original petition in the case, and to which petition reference was specifically made as a part of the affidavit. The controverting affidavit then further specifically set up the residence of the plaintiff in Fannin county. It has been held that the controverting affidavit does not have to go so far as to replead the case. Demmer v. Auto Co. (Tex. Civ. App.) 34 S.W.(2d) 421; Winn v. Schramm (Tex. Civ. App.) 39 S.W.(2d) 645. It is further held that it is not an insufficient compliance with the statute (article 2007) to refer to and make the original petition a part of the controverting affidavit, Perkins v. Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736; First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; and other cases; that it was sufficient basis for oral proof respecting the grounds of suit. The case of Paxton v. Bank (Tex. Civ. App.) 42 S. W.(2d) 837, did not attempt to make the original petition a part of the controverting affidavit. In other cases reported there was omission to refer to and make the original petition a part of the controverting affidavit. And the decision in the case of Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495, did not involve the point of whether the reference to plaintiff's petition would be sufficient compliance as to grounds of action, if followed up with evidence on the hearing.

As to his residence the plaintiff set up in the controverting affidavit, "that at the time of filing of this suit, and the accrual of his cause of action on the dates of May 16, 17, 18 and 19, 1932, and for a long time prior thereto and since said times, the plaintiff has had his domicile in Fannin County, Texas, without any intention of changing same, but with the intention of maintaining his domicile and permanent residence in said county; that at all of the said times the plaintiff has had and maintained his residence and domicile in Fannin County, Texas." The alleged statement may be received as substantially one of a fact, as distinguished from a mere opinion or conclusion of the pleader. It fairly states facts of personal knowledge. The allegations are quite like the allegations of residence in the controverting affidavit which met approval of the court in case of Thompson v. Duncan (Tex. Civ. App.) 44 S.W.(2d) 508.

There was proof made by the plaintiff upon the hearing of the plea of venue, of the alleged publications in the newspaper, of the matters defamatory, and of the plaintiff's residence in Fannin county at time of the accrual and the filing of the action. There was prima facie proof of defamation and of concern of both defendants with the publication of the report and the defamation. A copy of the newspaper published on the alleged dates by the publishing company was introduced in evidence, and the very publications alleged appeared therein. Further evidence was offered bearing, in effect, upon the truth of the statements and of defamation of plaintiff. While there was no affirmative evidence of conspiracy between the two defendants, the published news item on its face affirmatively indicated concern of both defendants with the item and its publication. The codefendant of the publishing company was quoted in the publication as making the statement alleged to be of defamatory character to plaintiff. As to whether that is true in fact is an issue and matter of proof in the final trial on the merits. The case of Thompson v. Duncan, supra, would not be controlling of a different view, because in that case no proof was offered by the plaintiff tending to show libel or conspiracy aliunde the contesting affidavit itself. The only proof offered in that case in the hearing was as to residence in Dallas county, and the court held that was not sufficient proof to deny the defendant's formal plea of privilege.

The defendants challenge the residence of the plaintiff, in point of fact and of law, to be in Fannin county. In that respect, it is believed, the conclusion of the trial judge must be sustained. There may not be said, considering the evidence as a whole, that there was no proof of the factual elements stated and upon which the judge based his conclusion of fact. By giving to such conclusion of fact the force of venue of the action, the suit was properly brought in Fannin county. Houston Printing Co. v. Tennant, 120 Tex. 539, 39 S.W.(2d) 1089; Evans v. American Publishing Co., 118 Tex. 433, 13 S.W.(2d) 358, 16 S.W.(2d) 516.

The order is affirmed.