### WALKER v. MARTIN.

No. 10512.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1939.

Rehearing Denied June 28, 1939.

Abney & Whitelaw, of Brownsville, for appellant.

M. F. Armstrong, Jr., and J. Hodge Thompson, both of Weslaco, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling a plea of privilege.

Tullis Martin, suing by and through his father and next friend, C. R. Martin, instituted this suit against George Walker. His petition was in two counts. In the first count he sought to recover damages for an alleged false imprisonment and in the second count for libel and slander. The suit was filed in the 92nd District Court of Hidalgo County, in which county plaintiff and his father were alleged to have resided.

George Walker timely filed his plea of privilege to be sued in the county of his residence, which was alleged to be Cameron County. Plaintiff in turn filed his controverting affidavit. The issue thus joined was set down for hearing, and after the introduction of evidence the trial court overruled the plea of privilege. George Walker presents this appeal.

The evidence offered at the hearing consisted principally of the testimony of Cecil Tullis Martin, plaintiff below and appellee

here. He testified that he was employed at the Jitney Jungle Store Number Six, located at Mercedes, Hidalgo County, Texas. On November 20, 1937, the manager of No. 6 told him that he was wanted at the office by two men from the head office. The manager, Mr. Smith, accompanied him to the office, which was upstairs, and he there found two "checkers." They accused him of embezzling money from the store and continued to grill him for several hours. He contended he was innocent. He asked that Mr. Smith and the cashier be called in, but this was refused by the "checkers." He asked for a lawyer and this was refused. When he got up from his chair to be polite to a lady who had been called to the office, he was ordered to sit down. He was given what he terms a "third degree." After some two hours the "checkers" told him he was innocent and that they were just trying him out. He was so weak·after the experience that he could hardly rise from the chair and had to rest for about fifteen minutes before he could go to lunch.

M. F. Armstrong, Jr., Esquire, one of appellee's attorneys, testified that George Walker came to his office a few days after the occurrence and told him in substance that he was the owner of the Jitney Jungle Store Number 6, and that he had employed the two "checkers" but they had gone too far and he was sorry it happened.

The following stipulation as to the residence of appellant and appellee was entered into, to-wit:

"Mr. Armstrong: It is stipulated by the parties herein that in order to obviate the necessity of proving the following facts,, to-wit: That the plaintiff, Tullis Martin, and C. R. Martin are now, and have at all times and on the several dates mentioned in the plaintiff's original petition and controverting affidavit, been residents of Hidalgo County, Texas; that the plaintiff, C. R. Martin, is the father of Tullis Martin; and that the plaintiff, Tullis Martin, is now and was on the date mentioned in said petition, of the age of nineteen years.

"Mr. Whitelaw: And, if the court please, we want to include in that stipulation that at all times mentioned in plaintiff's petition and controverting affidavit and at the present time and continuously during all those times, the defendant in this case was a resident of Cameron County, Texas. Is that all right?

"Mr. Armstrong: Yes; at all times mentioned in plaintiff's petition.

"The Court: And now is?

"Mr. Armstrong: And now is."

It is clear from the above statement that neither a prima facie case of false arrest nor of libel and slander was made out by the evidence.

█ The evidence fails to show that appellee was actually restrained of his liberty. He does not state that he attempted to leave and was stopped by force or fear, or that he was threatened in such a manner that he was afraid to try to leave. The evidence rather indicates that he went to the office willingly and voluntarily, stayed there to protest his innocence and ultimately accomplish this fact. The evidence is insufficient to show false imprisonment. McBeath v. Campbell, Tex.Com.App., 12 S.W.2d 118; Houston & T. C. Ry. Co. v. Roberson, Tex.Civ.App., 138 S.W. 822; Kress & Co. v. De Mont, Tex.Civ.App., 224 S.W. 520; Arts. 1169 to 1171, inclusive, Vernon's Penal Code.

█ It is clear, since the case of Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, that the venue facts which the plaintiff must establish by a preponderance of the evidence includes the proving that the crime of false imprisonment in all of its elements has been committed by the defendant in the county where the suit has been filed. The evidence was insufficient to maintain the venue under subdivision 9 of Art. 1995, R.C.S.1925, on the false·imprisonment charge as set out in the first count in the petition.

█ We next come to consider whether or not the suit could be properly maintained in Hidalgo County under subdivision 29 of Art. 1995, R.C.S.1925, inasmuch as the second count in the petition charged slander. Here again the proof was insufficient to show that George Walker had committed a slander of and concerning Tullis Martin, because, in the first place it is not shown that the remarks were heard by persons other than the employees in the store, and in the second place the remarks were conditionally privileged and would not be actionable unless made with actual malice. Cranfill v. Hayden, 97 Tex. 544, 80 S.W. 609; Simmons v. Dickson, 110 Tex. 230, 213 S.W. 612, 218 S.W. 365; Perry Bros. Variety Stores v. Layton, 119 Tex. 130, 25 S.W.2d 310; Rivers v. Feazell, Tex.Civ.App., 58 S.W.2d 133; Na-

tional, etc., Ins. Co. v. Billington, Tex.Civ. App., 89 S.W.2d 491; Foley Bros., etc., Co. v. McClain, Tex.Civ.App., 231 S.W. 459.

Section 29 of Article 1995, R.C.S.1925, reads as follows: "Libel or slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

■ It is clear from the reading of the above section that before venue can be maintained under this section that a plaintiff must allege and prove that he has been libeled or slandered and at the time of such defamation he was residing in the county where the suit was filed. The defamation must be proved in all of its essential elements. A very clear opinion on this matter is found in Thompson v. Duncan, Tex.Civ.App., 44 S.W.2d 508, 509. Justice Looney says:

"But we have here an entirely different question. The venue of libel and slander suits under subdivision 29 (article 1995) is not as definitely and unqualifiedly fixed as is the venue of suits controlled by subdivision 14, in that a plaintiff in the former class of suits is only authorized to bring the same in the county of his residence, if he resided there at the time the cause of action accrued, while suits controlled by subdivision 14 must be filed in the county where the land, or a part thereof, is situated, and not elsewhere. It is evident, therefore, that there exists in each libel or slander suit an element of fact that determines proper venue that does not exist in cases controlled by subdivision 14; consequently the burden rested upon plaintiff to allege and prove, at least prima facie, a cause of action—in other words, that he had been libeled or slandered, and at the time resided in the county where he filed the suit. To bring the instant case within the exception to exclusive venue provided in subdivision 29, plaintiff should have alleged in his contesting plea these essential facts, and made

proof of same, and for this purpose was not permitted to rely upon the allegations of either petition or contesting affidavit, but should have made proof aliunde.

"Plaintiff sued Tunnell and the Fowlers on the theory that they were parties to a conspiracy to defame him, and that Thompson, a coconspirator, in furtherance of the conspiracy, uttered certain slanders and published a certain libel. In order to defeat the pleas of privilege filed by these defendants, we are of opinion that plaintiff should have alleged in his contesting affidavit, and made proof prima facie at least, not only that he had been defamed by Thompson, as alleged, but that the alleged conspiracy between him and the other defendants existed."

The Thompson-Duncan case has been recently followed in Blanton v. Garrett, Tex.Civ.App., 124 S.W.2d 451.

■ The order overruling the plea of privilege will be reversed, but, as the matter does not seem to have been fully developed, we feel that equity and justice require that the venue not be here changed, but that the matter be remanded to the court below for a further hearing.

Reversed and remanded.

## On Motion for Rehearing.

■ Since delivering the original opinion in this case the Supreme Court in answering certified questions in the cases of A. H. Belo Corp. v. Thos. L. Blanton, Tex. Sup., 129 S.W.2d 619, and Thomas L. Blanton v. Clyde L. Garrett, Tex.Sup., 129 S. W.2d 623, opinions delivered June 21, 1939, but not yet reported in State Reports, has held in effect that in suits for defamation of character, in order to retain venue in the county of the residence of the plaintiff it is necessary, under the provisions of Art. 2007 and § 29, Art. 1995, to both plead and prove the essential elements of the defamation.

We have purposely delayed acting upon this motion until the Supreme Court answered the questions certified to them by the Eastland Court of Civil Appeals in the above two cases.

The motion for a rehearing has been carefully considered and will be in all things overruled.