**JOSEY et al. v. FERGUSON.**

No. 12680.

Court of Civil Appeals of Texas. Dallas.
June 3, 1939.

Rehearing Denied ·July 15, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch all of Fort Worth, for appellant Hogsett.

John H. Bickett, Jr., of Dallas, for appellant Josey.

John W. Pope, Sr., of Dallas, for appellee.

YOUNG, Justice.

Upon a hearing of their pleas of privilege and judgment of the trial court overruling same, Joe B. Hogsett and H. Josey, defendants below, have appealed. The pleas were tried together by agreement, before a jury, and at close of the testimony, peremptory instructions were given, denying the demand of each defendant to be sued in the county of his residence, to wit, Tarrant County and Bexar County.

Plaintiff's petition and asserted cause of action was one of libel and slander against seven defendants, two of whom, Wm. M.

Alexander and H. G. McLean, residing in Dallas County, the others, including appellants, residing elsewhere in the State of Texas. The suit, as stated, was for damages against all parties, jointly and severally, and based upon an alleged conspiracy entered into by and between the defendants for the purpose of injuring the business and financial standing of plaintiff, and to remove him as President of the Dallas Joint Stock Land Bank of Dallas; it being the substance of said petition that defendants, who were stockholders of the Bank, published certain instruments alleged to be libelous, and circulated certain statements alleged to be slanderous, or caused such instruments to be issued and such statements to be made, in pursuance of a conspiracy to oust appellee as aforesaid, and otherwise to injure him; selecting Wm. M. Alexander and H. G. McLean to execute all the plans and designs, which were set forth in a petition of some 58 pages.

It is appellee's contention that his right to hold appellants in the present suit is based on Sections 4 and 29 of Art. 1995, R.S., and section 29a as added, Vernon's Ann.Civ.St. art. 1995, subd. 29a, " * * * the county of the residence of defendants, or any of them * * * ", as appears from his pleading and controverting affidavits, all of which, he claims, were supported by proper proof. Appellants, on the other hand, urge that the venue facts wholly failed to show a prima facie cause of action against them, in that, there was no evidence showing that these defendants made or caused to be made, any utterances constituting slander, or publications of libel against plaintiff, wherefore, their separate pleas to be sued in the county of their residence should have been sustained.

The issue before us being that of venue only, we must ascertain the nature of plaintiff's cause of action from the petition, and thereby determine the appropriate venue facts; also that such requisite venue facts have been established relative to the issues raised by the particular pleas. The suit, being in damages for libel and slander, is entirely controlled by Subd. 29 of our venue statute, reading: "A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff." Such being the nature of plaintiff's suit, the principles announced by Judge Looney, of this Court, in Thompson v. Duncan, 44 S.W.2d 508, 509, are very much in point. The following is quite pertinent from this decision:

"Plaintiff sued Tunnell and the Fowlers on the theory that they were parties to a conspiracy to defame him, and that Thompson, a coconspirator, in furtherance of the conspiracy, uttered certain slanders and published a certain libel. In order to defeat the pleas of privilege filed by these defendants, we are of opinion that plaintiff should have alleged in his contesting affidavit, and made proof prima facie at least, not only that he had been defamed by Thompson, as alleged, but that the alleged conspiracy between him and the other defendants existed.

"To sustain the contention of plaintiff we will have to assume, in the absence of appropriate allegations in the contesting affidavit and without proof aliunde, that he was slandered and libeled by Thompson in furtherance of a conspiracy that existed between him and the other defendants, and that at the time of the accrual of plaintiff's alleged cause of action he resided in Dallas county where the suit was instituted. These assumptions we are not at liberty to make, as they involve the very fact or facts necessarily relied upon by plaintiff to confer venue of the suit on the courts of Dallas county, and under article 2007 the burden was upon him, not only to suitably allege their existence in his contest, but on the hearing to make prima facie proof thereof, * * * ". Citing authorities.

We have carefully studied the statement of facts herein, appellee's statements of the testimony as reflected by the record, statements from briefs of appellants, which are unchallenged, and failed to find prima facie facts connecting either of these defendants with plaintiff's cause of action, sounding in libel and slander. Plaintiff's principal basis of complaint, as shown by the evidence, was of a writing prepared by defendants Alexander and McLean, styled "Outline of Policies Proposed for Dallas Joint Stock Land Bank", to-

gether with letters from the same parties addressed to stockholders of the Bank in soliciting proxies for stockholders' meetings; also a letter from Alexander to Geo. Kling, a stockholder, of December 3, 1936. No testimony is shown, tending to prove that these defendants had anything to do with either of the above writings, or their circulation, save, possibly, that Messrs. Josey and Hogsett approved of such "Outline of Policies", and voted for directors who favored a different business program for the Bank, in which all parties were heavily interested. Assuming, but not deciding, that the statements and matters in evidence at this hearing on the pleas of privilege showed a cause of action prima facie against the resident defendants, we repeat, the record discloses no overt acts of either defendant, tending to establish participation by them in aforesaid defamatory statements, such as would satisfy the requirements of Subd. 29, Art. 1995, and the civil action there specified as to venue; the general rule being stated in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, that: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

Appellee further argues to the effect that he has complied with the requirements of Subd. 4 (venue), having made a prima facie case against the resident defendants Alexander and McLean, which is sufficient to retain venue of all nonresident defendants, jointly and severally sued. Compton v. Elliott, supra. The fact that Subds. 4 and 29 may be similar, in that, suits against two or more defendants may be brought in a county where one of the defendants resides, does not take from an action based on Subd. 29 by the unequivocal terms of plaintiff's petition, the burden of proving the venue facts applicable to the express character of action alleged by him. As stated by Judge Critz, in Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, 353: " * * * the effect of subdivision 4 is to fix venue by reason of the residence of a defendant, and this subdivision has nothing to do with cases where the venue is fixed by reason of the nature or character

of the suit as provided for in many other subdivisions of article 1995." The following excerpt from the opinion of Judge Smith (on rehearing), in Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, 936, is equally applicable:

"The true rule is, as established by the overwhelming weight of authority, that the plaintiff's petition is the 'best and all-sufficient evidence of the nature of an action' for the purpose of determining venue. For instance, the trial court may look alone to the petition to determine if the action is for divorce, or upon fraud, or to recover real estate, or for an award under the Workmen's Compensation Law, or for libel and slander, and the like. Gulf Refining Co. v. Lipscomb (Tex.Civ.App.) 41 S.W.2d 248; Oakland Motor Car Co. v. Jones (Tex.Civ.App.) 29 S.W.2d 861; Thompson v. Duncan (Tex.Civ.App.) 44 S.W.2d 508; Dees v. McDonald (Tex.Civ. App.) 36 S.W.2d 301.

But, on the other hand, and according to like weight of authority, the court may not look to the petition for facts of venue, such as the residence of parties, or if fraud was committed in the county alleged, or if real estate is in fact situated in the county alleged, or if the libel or slander was uttered in that county, or the employee seeking compensation was injured therein".

See, also, Blanton v. Garrett, Tex.Civ. App., 124 S.W.2d 451.

As to appellee's claim of venue under Subd. 29a, it is certain that since First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756, wherein the term "necessary parties" has been finally defined, the contention cannot be made that appellants are indispensable parties to the cause of action alleged by plaintiff against the remaining defendants, or, more especially, the resident defendants Alexander and McLean.

Our conclusion, therefore, is that the first propositions urged by appellants generally above discussed, should be sustained, making it unnecessary to review further assignments. The trial court should have peremptorily instructed the jury in favor of the pleas of privilege in question, and its judgment overruling the same is reversed and, the facts having been fully developed, judgment is here rendered, sustaining said pleas and changing the venue as to H. Josey to the District

Court of Bexar County, and Joe B. Hogsett to the District Court of Tarrant County. The trial court will accordingly make such orders as are necessary, and the clerk perform such duties as are provided under Art. 2020, R.S.Vernon's Ann.Civ.St. art. 2020, when pleas of privilege are sustained.

Reversed and rendered with instructions.