SUMMERS v. W. T. GRANT CO.

No. 12940.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1950.

Grady Owen, Fort Worth, Texas, for appellant.

Charles L. Stephens, Fort Worth, Texas, J. A. Gooch, Fort Worth, Texas, for appellee.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

PER CURIAM.

This suit was for damages for an alleged slander and false imprisonment. The appeal is from the action of the trial court in directing the jury to return a verdict for the defendant because of insufficiency of the evidence. The question presented, therefore, is whether there is any substantial probative evidence in the record which requires submission of the cause to a jury.

The material facts are without dispute. Only two witnesses testified. There is testimony by plaintiff to the effect that she purchased a doll buggy from W. T. Grant Company, paid for it, and left it at the store from Saturday until the following Monday, at which time she returned with her stepfather in an automobile to pick up her purchase. After plaintiff obtained her buggy from the clerk who had sold it to her, and was carrying it from the store, she was accosted by an employee of the store who stated to her, "You will have to come back inside". Plaintiff started back into the store whereupon the clerk informed her that she would have to have a receipt for the buggy before she could take it out of the building. Plaintiff replied that she had a receipt for the buggy and that it had been paid for two days before, whereupon the clerk responded to her in the presence of several other customers, "Everything that goes out of this store that is paid for is wrapped".

Plaintiff contends that the above statement imputed to her the criminal offense of shoplifting and theft, and tended to impeach her honesty, integrity and reputation in the presence and hearing of others in such manner as to constitute actionable slander *per se*.

In such cases whether the words used are reasonably and fairly susceptible of a defamatory inference so as to give rise to an action for slander, is generally a question of law. Great Atlantic & Pacific Tea Co. v. Harris, Tex.Civ.App., 75 S.W. 2d 974. Moreover, if the language is unambiguous and is not on its face defamatory, it is proper for the court to instruct a verdict for the defendant. Deen v. Snyder, Tex.Civ.App., 57 S.W.2d 338, 341; Cf. Pridemore v. San Angelo Standard, Inc., Tex.Civ.App., 146 S.W.2d 1048, 1053. Here, we find nothing in the words used which could be fairly and reasonably interpreted as charging appellant with theft. To the contrary, a fair inference from the commonly understood meaning and import of the language used, suggests that the statements made to appellant constituted only a reasonable challenge to her right to the buggy in order that she would identify it as her purchase before removing same from the store. Certainly appellant would have held the defendant responsible had its employees permitted some unknown and unauthorized person to remove her purchase without proper identification. Under the circumstances, the evidence adduced was insufficient to show either slander or false imprisonment, and the trial court properly instructed a verdict for the defendant. Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d 849, 853; Skillern v. Brookshire, Tex.Civ.App., 58 S.W.2d 544; Rednick v. Messimer, Tex. Civ.App., 181 S.W.2d 1014; Montgomery Ward & Co. v. Peaster, Tex.Civ.App., 178 S.W.2d 302; Cf. Perry Bros. Variety Store v. Layton, 119 Tex. 130, 25 S.W.2d 310.

It follows that the judgment appealed from should be, and the same is hereby

Affirmed.