**CHICAGO, R. I. & G. RY. CO. v. NEUBERT.***
(No. 2070.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1923. Rehearing Denied Feb. 21, 1923.)

1. **False imprisonment ⊗⇒39—Evidence sufficient to go to jury.**

Testimony that defendant searched plaintiff and required him to buy a railroad ticket out of town *held* sufficient to warrant submission of an issue of false imprisonment.

2. **False imprisonment ⊗⇒34—Mental suffering element of damages.**

Mental suffering is an element of damages recoverable in a false imprisonment case.

3. **Appeal and error ⊗⇒742(5)—Court need not regard propositions in absence of proper statement.**

Court of Appeals would be warranted in disregarding propositions which complain of court's charge and refusal to charge where there is no such statement in the brief as enables it to pass on such matters without an independent investigation of the record.

4. **Trial ⊗⇒260(1)—Refusal of charges proper where other charges present law of case.**

Where charges given by the court sufficiently presented the law of the case to the jury, there was no error in refusing other special charges.

5. **False imprisonment ⊗⇒36—$750 excessive damage for mental suffering.**

A verdict for $750 in a false imprisonment case was excessive and was reduced to $500, where the plaintiff was a floater and suffered only mentally when searched by defendant, who threatened to arrest him if he did not leave town.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by W. C. Neubert against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition of remittitur.

Tatum & Strong, of Dalhart, and N. H. Lassiter, of Fort Worth, for appellant.

R. E. Stalcup, of Dalhart, and Adkins & Kimbrough, of Amarillo, for appellee.

BOYCE, J. This is an appeal from a judgment of the trial court awarding W. C. Neubert damages in the sum of $750 for false imprisonment. Appellant's propositions present questions as to the following matters: (1) Whether under the evidence the court should have instructed the jury to find for the defendant; (2) whether the verdict is excessive; (3) whether there was error in submitting mental anguish as an element of damage; (4) certain other questions as to the charge of the court.

The record shows that plaintiff, Neubert, had for several years before August 10, 1921, been working in various parts of the United States—on the Pennsylvania railroad as a brakeman; on the Baltimore & Ohio Railway as fireman; in Kansas as a farm hand. His wife lived in Esserville, Va. He, with two companions, came in search of work to Dalhart, Tex., from Liberal, Kan., in an automobile driven by a farmer, who gave them a ride as an accommodation. They arrived early in the morning of August 10, 1921, and, after taking breakfast at a restaurant, walked out to a pile of ties on the right of way of the defendant company in the city of Dalhart. There were three other men about this pile of ties when plaintiff and his companions arrived. They had all been sitting or lying

around this place for about 15 minutes when approached by one Rezeau, an agent of the defendant company, whose duty it was to keep trespassers off defendant's premises and from riding its trains. Rezeau inquired as to what they were doing there. Plaintiff and his companions replied that they were looking for work. Rezeau swore at them and said, "You fellows would not work if you had a job." In reply to questions plaintiff told Rezeau that he had come from Kansas City on the train, paying $33 railway fare (which was untrue). Rezeau replied:

"That is enough out of you; I don't want to hear any more out of you."

Rezeau questioned all the men as to where they were from, where they were going, and whether they had any money. Plaintiff had about $10. Rezeau then searched them all and after this commanded the men to get in front of him and "go up to the depot." Plaintiff's account of what transpired at the depot is as follows:

"We went on up to the depot, and he [Rezeau] said: 'Come and get tickets wherever you are going to.' So I went over to the ticket window and said, 'Give me a ticket about two stations down the road;' and he said, 'You give him a ticket to Tucumcari;' and one of the boys says, 'What if we don't take a ticket?' And he says, 'If you don't take a ticket I will take you with me;' and we bought tickets to Tucumcari. One of the boys made the statement, 'Are you through with us?' And he says, 'I want to see you catch the next train out of here.' When he said he was through with us, he took the other two fellows with him out at the door, and I don't know where he took them; we were in the depot for a few minutes after that."

Plaintiff and his companions then left and were no longer under constraint, being around Dalhart during the day and sleeping on the schoolhouse porch that night. Plaintiff worked at various jobs in the country in the interim between this occurrence and the time of the trial. The plaintiff testified that he had "ridden these freight trains without paying for it. I have got paid for riding them, too." Plaintiff's companion, Ruston, admitted riding extensively on freight trains without payment of fare except an occasional bribe to a brakeman. Plaintiff further testified that he was not afraid of Rezeau, but took him for an officer, and for that reason obeyed his commands; that it made him "feel bad and hurt his feelings" to be sworn at and told that he would not work when he had worked all his life and to be marched up to the depot and made to buy a ticket.

[1] This testimony, we think, is sufficient to warrant the submission of an issue of false imprisonment. The actions of Rezeau were sufficient to justify the belief that he was an officer of the law (he was in fact a deputy sheriff) with authority to enforce obedience to his commands, and plaintiff was not under the circumstances required to offer resistance. He acted under the veiled threat of going to jail as an alternative; so that we do not consider the case of Kress & Co. v. De Mont (Tex. Civ. App.) 224 S. W. 520, relied on by appellant, as controlling in this case. Penal Code, arts. 1039–1042; Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 463; R. C. L. vol. 11, p. 793.

[2] Mental suffering is an element of damages recoverable in a case of this kind (Hays v. Creary, 60 Tex. 445), and the evidence warranted the court in so submitting it in this case.

[3, 4] We would be warranted in disregarding those propositions which complain of the court's charge and of his refusal to give certain requested charges because there is no such statement in the brief as enables us to pass on these matters without an independent investigation of the record. We have, however, examined the charge of the court and the requested instructions, given in connection therewith, and those refused. The objection to the charge of the court referred to in the fourth proposition was fully met by the giving of special charge No. 5, requested by defendant. The court's charge and special charges Nos. 2, 5, 6, and 7, requested by the defendant and given by the court, sufficiently presented the law of the case to the jury, and there was no error in refusing the other special charges referred to in the fifth proposition.

[5] We have, in consultation, carefully considered the evidence and have reached the conclusion that the amount of the verdict is excessive. We recognize the fact that the jury saw the plaintiff and were in better position to come to a conclusion as to the extent of his mental suffering caused by the false imprisonment, and that it is the peculiar province of the jury to assess the damages in cases of this kind. But, after giving due consideration to these facts, we are still impressed with the belief that $500 would have been a very liberal allowance as compensation to the plaintiff in this case, and we will reverse the judgment unless remittitur of $250 of the judgment of the court below is filed with the clerk of this court within 20 days from this date. If such remittitur is so filed, then the judgment will be reformed accordingly and affirmed.