**J. C. PENNEY COMPANY, Appellant,**

v.

**C. B. ROMERO, as Next Friend of Joe Romero, a Minor, Appellee.**

No. 13377.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 29, 1958.

Rehearing Denied Nov. 26, 1958.

———◆———

Mann & Byfield, Laredo, for appellant.

John Fitzgerald Ryan, Laredo, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by C. B. Romero, as next friend of his son, Joe Romero, a minor fifteen years of age, against J. C. Penney Company, hereinafter called Penney, seeking to recover damages for false imprisonment. The trial was to a jury and

resulted in judgment in favor of plaintiff and against Penney in the sum of $1,100, from which judgment Penney has prosecuted this appeal.

Appellant's first point is that there is no evidence, and in any event insufficient evidence to support the jury's finding that the minor, Joe Romero, was falsely imprisoned by a representative of Penney.

The evidence shows that Penney operates a department store in the City of Laredo, located at the corner of Farragut Street and Convent Avenue. Joe's mother, Mrs. Romero, had purchased a coat from appellant and had left it at the store for the purpose of having some buttons sewed on it. On March 16, 1957, at about 6:30 p. m., C. B. Romero and his son Joe went to the store for the purpose of picking up the coat. The father had a receipt for the coat which he turned in to the lady at the counter. She got the coat and put it on the arm of Joe, but did not wrap it. The father went to the "will call" department to make a payment on some other clothes, while Joe left the store through what is called the back door, on Farragut Street, for the purpose of putting the coat in their car, which was parked about a block from the store. A lady clerk saw Joe leaving the store with the coat on his arm, and as it was unwrapped she thought he had stolen it. She called the matter to the attention of John W. Parks, who was a department manager for the store, and who had just returned from eating his supper. Parks went out into the street through the entrance on Convent Avenue and the clerk pointed out to him the boy who was going north on Convent Avenue. Parks ran after the boy and overtook Joe just as he was arriving at their car, parked on the east side of Convent Avenue. Just as Joe was about to open the car door for the purpose of putting the coat inside, Parks arrived on the scene and also put his hand on the handle of the door, saying to Joe in Spanish, "A donde traiga el sace?", which

means, where are going with the coat? Joe replied that he was going to put it in the car. Parks then asked if the coat was paid for, and Joe told him that it was. Parks then said in Spanish, "Vamos a ver," which means, let's go find out. At this time a policeman of the City of Laredo, having seen Parks running after Joe, came upon the scene and asked if Joe had stolen the coat. Parks told him that he didn't know yet, he was then investigating. Then the three of them went back to the store. As they started for the store, Parks may have caught hold of the arm of Joe. When they returned to the store Joe was permitted to go through the store to look for his father, and Parks went to the lady at the counter and asked her if the coat was paid for, and she told him that it was. He then went to Joe and apologized, and as far as he was concerned this ended the matter.

Joe testified that the reason he went back to the store with Parks and the policeman was because he was afraid he would be forced to do so; that it was the only thing to do, and that he did not want to make a scene. He also stated that he could not get into the car because Parks was in front of him; that if the policeman and Parks would have left him alone he would have gone on. Parks testified that he probably would have restrained Joe, if Joe had tried to break away from him. Parks was a grown man, thirty-one years old, and Joe, a youth of fifteen.

The evidence in this case constitutes nothing more than a scintilla of evidence that Joe was falsely imprisoned by the appellant, acting through its agent John W. Parks. Our Vernon's Ann.Penal Code defines false imprisonment as follows:

"Article 1169. False imprisonment is the wilful detention of another against his consent and where it it not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person,

by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper

"Art. 1170. The assault or violence may be such as is spoken of in defining an assault and battery.

"Art. 1171. The impediment must be such as is in its nature calculated to detain the person and from which he can not by ordinary means relieve himself."

The evidence here fails to show that Joe was detained by any act of violence or threat, or by any other means which refrained him from moving from one place to another as he saw fit. He readily agreed to go back to the store and establish the fact that the coat was paid for. It it true that he said he was embarrassed and did not want to create a scene and was afraid that the policeman and Parks would force him to go back anyway. But he did not say or do anything that would indicate that he was not willing to return. There is nothing to show that appellant in any way called the policeman or invited him to aid in the investigation, but, on the contrary, it is clear that any part the policeman had in this matter was voluntary on his part, and that he was not invited into the case. Under such circumstances, the evidence fails to show that Joe Romero was falsely imprisoned as that term is defined. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Walker v. Martin, Tex.Civ. App., 129 S.W.2d 1149; Kress & Co. v. De Mont, Tex.Civ.App., 224 S.W. 520.

Our decision in this case renders appellant's other points immaterial.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.