Gerald G. REICHENEDER, Plaintiff-Appellee,

v.

SKAGGS DRUG CENTER, Defendant-Appellant.

No. 27286.

United States Court of Appeals, Fifth Circuit.

Jan. 29, 1970.

James A. Williams, Bailey, Williams, Weber & Allums, Dallas, Tex., for defendant-appellant.

David M. Kendall, Jr., Dallas, Tex., for plaintiff-appellee; Victor L. Terry, Terry, Fuller & Parker, Garland, Tex., Woodruff, Hill, Kendall & Smith, Dallas, Tex., of counsel.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

This is an appeal from a jury verdict rendered for the plaintiff-appellee in the United States District Court for the Northern District of Texas. The action was grounded on three theories of recovery (1) slander, (2) false imprisonment and (3) malicious prosecution, and the court granted judgment on the findings of the jury on the basis of malicious prosecution and/or false imprisonment for damages in the amount of $10,000.00 and slander for damages in the amount of $15,000.00.

Gerald Reicheneder, plaintiff-appellee, was in Skaggs Drug Center, appellant store, which was essentially a self-service or supermarket operation, on the evening of May 29, 1967. Reicheneder made a purchase in the store and continued to shop there.

Reicheneder testified that while browsing he picked up two sparkplugs. Frank Kubasek, the manager of this store, testified that from his office he could observe the floor and saw Reicheneder put the sparkplugs in his coat pocket and observed him walk to the front of the store. Kubasek left his office and proceeded to stop Reicheneder, asking him if he had anything in his pocket that belonged to the store, and appellee replied that he did. Reicheneder testified that he kept the sparkplugs in his hand, and did not have them in his coat pocket. Reicheneder repeatedly admitted to having the sparkplugs in his possession. There was still a checkout counter that plaintiff had not passed at the time he was stopped by Kubasek. Reicheneder was asked by Kubasek to come to the manager's office, and he complied voluntarily. After entering the office there was a discussion during which time Mr. Maples, the assistant manager, was present. During the conversation Maples was instructed by the manager to call the police, and police officers arrived. Kubasek explained to the police officers what had taken place and that he "had a shoplifter", pointing out Reicheneder. The police took plaintiff into custody, led him from the store through the sales area, handcuffed him outside the store and took him to the police station where he was detained for twenty or thirty minutes and charged with shoplifting. Kubasek testified that he had mentioned this incident to some of his employees, stating that he had a shoplifter but not giving Reicheneder's name. Reicheneder was later tried on the charge of shoplifting and was acquitted.

Initially, we have determined that it is unnecessary to pass on the several procedural questions outlined by the appellee Reicheneder in that a study of the substantive points raised by Skaggs

Drug Center reveals that the decision of the lower court should be affirmed and the verdict favoring Reicheneder sustained.

The question of malicious prosecution may be dismissed with a very simple statement of the Texas law on this issue. The case of Dallas Joint Stock Land Bank of Dallas v. Britton, 134 Tex. 529, 135 S.W.2d 981 (Tex.Com.App., Sec. A, 1940) is relied on heavily by both parties to this suit and contains a basic review of the Texas law of malicious prosecution and false imprisonment.

"The distinction between malicious prosecution and false imprisonment, as well as the essential elements of each offense, are stated in the following quotation from 28 Texas Jurisprudence, pages 446, 477: 'There is a fundamental distinction between an action for malicious prosecution and one for false imprisonment. False imprisonment is an unlawful and unauthorized interference with the personal liberty, while malicious prosecution consists in procuring the arrest or in the prosecution of the plaintiff under lawful process on the forms of law, but from malicious motives and without probable cause. In other words, if the imprisonment was under lawful process, but the prosecution was commenced and carried on maliciously, a malicious prosecution is shown, while if the arrest or imprisonment was without lawful authority, an action for false imprisonment lies.' " Dallas Joint Stock Land Bank of Dallas v. Britton, supra.

█ It is clear from the above that malice is one of the elements that must be present before a charge of malicious prosecution may be sustained. In answer to Special Issue No. 3, the jury found that no malice was present. Special Issue No. 3 reads, "Do you find from a preponderance of the evidence that in causing the complaint involved herein to be filed Frank Kubasek acted with malice?" The jury answered this question, "No". In the absence of a finding of malice, the matter of malicious prosecution must fall.

However, the trial court granted judgment in the amount of $10,000.00 on the basis of malicious prosecution and/or false imprisonment, i. e., styled in the alternative. In that the portion of plaintiff's theory of recovery founded on false imprisonment is correct, the judgment is affirmed.

█ Essentially, appellant's argument as to false imprisonment is that there is not sufficient evidence to support a finding of false imprisonment, and that the jury made no determination on false imprisonment and was given no opportunity to do so by the trial court. False imprisonment in Texas is the direct restraint by one person of the physical liberty of another, without adequate legal justification. It has been judicially defined as "the wilful detention by another without legal justification, against his consent, whether such detention be effected by violence, or by threats or by any other means, which restrains a person from moving from one place to another". Skillern & Sons, Inc. v. Stewart, 379 S.W.2d 687 (Tex.Civ. App.1964) Appellant Skaggs Drug Center argues that when the act of a store manager is such that he requests a customer to accompany him somewhere, or to return to the store, this in itself does not constitute false imprisonment if the customer voluntarily returns to the store or accompanies the manager in a willing manner. Appellant cites two cases that he contends supports this proposition. See S. H. Kress & Co. v. DeMont, 224 S.W. 520 (Tex.Civ.App.1920); J. C. Penney Co. v. Romero, 318 S.W.2d 129 (Tex.Civ.App.1958). In the *Romero* case, the court reasoned that in giving consent the plaintiff would not be detained by an act of violence or a threat, or by other means which refrained him from moving from one place to another as he saw fit, and that, accordingly, one of the elements of the action was miss-

ing. In light of these cases we must agree with the appellant that Reicheneder was not being falsely imprisoned when he returned to the office of the manager.

However, the false imprisonment commenced when, under the directions of Kubasek, Maples, the assistant manager, called the police and the police officers took custody of the plaintiff. When a person points out another as the perpetrator of a crime and requests or directs police officers to arrest him, the person making the request or the direction is liable for subsequent false imprisonment even though he acted in good faith. J. C. Penney Company v. Reynolds, 329 S.W.2d 104 (Tex.Civ.App. 1959); McDonald v. Henderson, 250 S. W. 463 (Tex.Civ.App.1923); Karner v. Stump, 12 Tex.Civ.App. 460, 34 S.W. 656 (1896); 25 Texas Jurisprudence 2d, False Imprisonment, § 21, p. 256. The arrest here involved did not satisfy any of the requirements of the Texas law having to do with arrest without a warrant, and, therefore, was an illegal detention. Code of Criminal Procedure of Texas, Chap. 14. In Hubbard v. Lord, 59 Tex. 384 (1883) the court observed that in a false imprisonment case, the arresting officer and the party inducing the arrest and the magistrate assuming to issue the unauthorized warrant were liable as joint tortfeasors, or trespassers, and further observed that the question of probable cause and malice is of no consequence whatever in connection with this matter of false imprisonment, the sole question being whether or not the arrest is made properly and in accordance with the provisions of the law. It is well supported in the testimony that Mr. Reicheneder was detained by the police officers at the request of Mr. Kubasek. This arrest by the police was wrongful. See Price v. Durdin, 207 S. W.2d 228 (Tex.Civ.App.1947). Accordingly, Skaggs Drug Center, for whom Kubasek was acting at all times, is responsible for the false imprisonment and the damages flowing from it.

Appellant's contention regarding the failure of the trial court to submit the question of false imprisonment to the jury is also without validity. The lower court submitted Special Issue No. 2 to the jury which asked: "What amount of money, if any, if paid now in cash do you find from a preponderance of the evidence would reasonably compensate Gerald Reicheneder for damages directly resulting from the unlawful arrest, if any, on the occasion in question? Answer in dollars, if any, and cents, if any". The jury determination was that $10,000.00 would reasonably compensate Reicheneder. Appellant relies on Skillern & Sons, Inc. v. Stewart, 379 S.W.2d 687 (Tex.Civ.App.1964), for the proposition that it is reversible error if the trial court does not instruct the jury on the definition of false imprisonment, and that the jury must determine if the arrest is unlawful. However, in Skillern the court merely recited the charge used in the lower court, traced its origin in case law and concluded, "[i]n view of all the evidence, we think the instruction was sufficient". The teachings of that case do not require that such an instruction be submitted to the jury and we are cognizant of no case law that would sustain appellant in this argument.

Appellant contends that Reicheneder was not slandered by Kubasek, arguing that there was no publication. It is well established in Texas law that there must be publication in such a way that a third person understands it before a statement is actionable. Burnaman v. J. C. Penney Co., D.C., 181 F. Supp. 633; Montgomery Ward & Co. v. Peaster, 178 S.W.2d 302 (Tex.Civ.App. 1944); McDaniel v. King, 16 S.W.2d 931 (Tex.Civ.App.1929). In the case at bar, Kubasek testified that he informed employees of the store that a shoplifter had been apprehended, and later Reicheneder was escorted through the store by police officers in the presence of these same employees and others.

312

■ It is quite clear that the words spoken were slanderous in that it has been stated in several Texas cases that to charge a person with or impute to him the commission of any crime for which punishment by imprisonment in jail or the penitentiary may be imposed is slanderous or libelous per se. Davila v. Caller Times Pub. Co., 311 S.W.2d 945 (Tex.Civ.App.1958); Elder v. Evatt, 154 S.W.2d 684 (Tex.Civ.App.1941); Skillern v. Brookshire, 58 S.W.2d 544 (Tex. Civ.App.1933). It is equally as clear that there was adequate publication to support this action in slander. Reicheneder was taken from the store in the accompaniment of police officers in view of employees who were told earlier that a shoplifter was in custody. Under such conditions there is no doubt that the employees, by using only the slightest of reasoning, concluded that Reicheneder had been apprehended for shoplifting.

■ In regard to the issue of proximate cause, appellant contends that since the district court failed to submit to the jury the matter of damages in terms of proximate causation, the verdict of the jury is invalid and cannot support the judgment of the trial court. As authority for this position, appellant relies specifically on the following styled cases: Tyler Mirror and Glass Co. v. Simpkins, 407 S.W.2d 807 (Tex.Civ.App.1966); Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942); Scott v. Gardner, 159 S.W.2d 121 (Tex. Civ.App.1942). These cases indicate that Texas law is well settled that there must be a proximate cause between the injury and the damages before recovery may be had. The case of Scott v. Gardner, supra, reaffirms this rule of law and outlines what is required of the court in its instructions to the jury:

"A defendant is liable only for such damages as are the proximate result of his wrongful act. The charge of the court should, *in some manner*, limit the jury to the consideration of damages proximately caused by defendant's wrongful act. In determining whether there is error, and in determining whether the error requires a reversal, the entire charge must be examined, and must be considered in the light of the precise situation existing at the time the supposed error was committed. An error which in one situation would materially affect the result, might in a different situation have no effect upon the result of the case." [Emphasis Supplied]. Scott v. Gardner, supra.

■ The important factor emphasized in this case and others is that damages must be the proximate result of the injury and that the jury must be advised that such is the law. In the present action, the charge contained the following references to the issue of causation that appear to satisfy the mandate of the court in *Scott, i. e.*, that the jury be instructed on proximate cause "in some manner". Special Issue No. 2 requested the jury to find the amount of damages "directly resulting" from the false imprisonment. Special Issue No. 11 asked whether the jury found plaintiff was damaged "as a direct result" of the slander. Special Issue No. 12 requested the jury to find the damages "directly resulting" from the slander. Although the lower court did not present a lengthy review of proximate causation to the jury, its use of the term "direct" effectively limited the damages to those resulting from the injury. A charge should be studied in light of its own special facts and circumstances, and as the teachings of *Scott* acknowledge, what may be reversible error in one situation may not be such in another. This contention of the appellant does not rise to reversible error.

■ In conclusion, the two findings of damages by the jury are argued as being shocking—wholly based on non-existent evidence. As to false imprisonment, the measure of damages for an unlawful arrest is the value of time lost, injury to business, and the suffering, bodily and mental, which the arrest may have occasioned plaintiff. S. H. Kress & Co. v. Rust, 97 S.W.2d 997 (Tex.Civ.

App.1936); Newburn v. Durham, 10 Tex.Civ.App. 655, 32 S.W. 112 (1895). Mental suffering is an element of damages recoverable in a false imprisonment case. Chicago, R. I. & G. Ry. Co. v. Neubert, 248 S.W. 139 (Tex.Civ.App. 1923). The fact that no physical hurt was inflicted on one complaining of false arrest is no ground for denying recovery of reasonable compensation for mental suffering, of which humiliation, shame, and fright are elements to be considered. McDonald v. Henderson, 250 S.W. 463 (Tex.Civ.App.1923). As general damages cannot be measured with any certainty, the sound discretion of the jury, under all the circumstances, is the only practicable measure. Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463 (1909). Accordingly, in view of the fact that Reicheneder was paraded through the store by the police in full view of several people and would have an arrest record in the future, we cannot rule that an award of $10,000.00 for false imprisonment is excessive or improper.

As to the question of slander, the jury returned a verdict in the amount of $15,000.00. "It is a well-recognized rule that when words are libelous per se it is not necessary to allege or prove special damages, for malice and damages are implied." R. G. Dun & Co. v. Shipp, 60 S.W.2d 502 (Tex.Civ.App. 1933). See Gibler v. Houston Post Company, 310 S.W.2d 377 (Tex.Civ.App. 1958). The award of damages is within the province of the jury and should not be disturbed unless there is clear showing of excessiveness or impropriety on the part of the jury. Marsalis Motors v. Simmons, 303 S.W.2d 510 (Tex.Civ.App. 1957). In view of the particular facts of this case, we cannot hold that an award of $15,000.00 is an excessive recovery for the slanderous accusation that Reicheneder was a thief. This jury verdict should not be disturbed.

This case is affirmed as to all issues.

Affirmed.