Gilbert and Irma **DOMINGUEZ, Appellants,**

v.

**GLOBE DISCOUNT CITY, INC., Appellee.**

No. 6177.

Court of Civil Appeals of Texas,
El Paso.

Sept. 30, 1971.

Rey & Rey, Joseph J. Rey, Jr., El Paso,
for appellants.

Hardie, Grambling, Sims & Galatzan,
Malcolm Harris, El Paso, for appellee.

OPINION

PRESLAR, Justice.

The cause of action on which this suit
is based is false imprisonment of the Ap-
pellant, Irma Dominguez, by an employee
of the Appellee, Globe Discount City, Inc.
At the conclusion of the Plaintiffs' evi-
dence, the Court granted the Defendant's
motion for directed verdict. We affirm.

In general, the facts of the case are that
Irma Dominguez visited the store of the
Defendant where she made payment on a
lay-away item, handled some merchandise,
visited with some of the clerks, and dis-
played to one of them, some cosmetic
samples which she had in her purse (she
was an Avon sales representative), and
thereafter, she left the store without check-
ing out at a cash register. As she walked
toward her car in the store parking lot, a
security guard called to her to stop, which
she did, and he then asked her to open her
purse. She told him she would, but that
he would be sorry. She exhibited the con-
tents of her purse, and at this point the
testimony of Appellant is conflicting as to
whether that ended the confrontation, or
whether it continued by his making ges-
tures which she thought were attempts to
grab hold of her.

Appellant by her single point of error in
this Court, says that she agrees that the
Appellee's agent was justified and had
reason to believe that she had stolen prop-
erty in her possession and had a right to
inspect her personal belongings. Her
position is that the false imprisonment
arose from what transpired after the purse
opening. This is based on the conduct of
the security guard, as he was the only per-
son involved in the alleged imprisonment,
and the sole evidence as to his conduct
comes from the testimony of Appellant. It

must be weighed against the provisions of the statutes to determine if there was any evidence of false imprisonment. This being a directed verdict case, the question is whether reasonable minds could differ as to whether there had been a false imprisonment.

The Penal Code, Vernon's Ann.P.C., of Texas contains the following provisions:

"Article 1169. 'False Imprisonment'. False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

"Article 1171. What impediment necessary. The impediment must be such as is in its nature calculated to detain the person and from which he cannot by ordinary means relieve himself."

Article 1436e in part provides:

"Section 3. Detention of persons. Any merchant, his agent or employee, who has reasonable ground to believe that a person has wrongfully taken or has wrongful possession of merchandise, may detain such person in a reasonable manner and for a reasonable length of time for the purpose of investigating the ownership of such merchandise. Such reasonable detention shall not constitute an arrest nor shall it render the merchant, his agent or employee, liable to the person detained."

Appellant testified that the occurrence lasted five or six minutes, and she contends that is restraint of her liberty of sufficient time to be false imprisonment. The quoted Section 3 of the statute excuses a detention for a reasonable length of time for the purpose of investigation, and we are of the opinion that the facts here do not show that such detention was unreasonable, or that more time was used than was reasonably necessary in making the investigation. It is admitted that circumstances existed which justified the investigation, and no delay is shown by any version of her conflicting testimony. She testified:

"Q. O.K. What did he say then? When you opened your purse?"

"A. He said, 'Oh, I thought you had taken something from the store, I am sorry, Lady, my apologies,' and he ran right on back to the store."

"Q. He went on back into the store then?"

"A. Yes."

\* \* \* \* \* \*

"Q. Then as soon as he realized you had nothing from the store, he apologized and turned and went straight back in the store?"

"A. That's right."

In other portions of her testimony, Appellant tells that she was stopped at a point some six or seven car lengths from the store exit, and following the opening of her purse, she was caused to go back to a point near the front of the store. This was not caused by any physical force, she was never touched by the agent, but went back because, "He kept telling me that I should go. That is why I went back there. He kept telling me that \* \* \*".

"Q. All right. Then did he—he got you back towards the store, is that right?"

"A. Yeah, he kept—"

"Q. Did he grab you or anything?"

"A. No, I kept moving away from him."

"Q. You went back towards the store?"

"A. Yeah, I kept moving back. He kept insisting that I should tell him."

All of this testimony as to the conduct of the agent is that of the Appellant, and in some of it, she says he was calling her "Lady", and was apologetic and in other she says "He was real mad and very insistent * * *" She said she was scared, that she moved away from the agent because she was scared. She also says that she opened her purse to prove her innocence.

Appellant cites the case of Skillern & Sons, Inc. v. Stewart, Tex.Civ.App., 379 S.W.2d 687, in which a false imprisonment was held. However, the facts of that case are not anything like those here. There, a female employee of the Defendant store was twice taken to Dallas and placed in a small room with two private detectives who accused and threatened at great length, physically restrained her, and continued such treatment until she signed a statement admitting theft from her employer. There was an assault in that case. Cases in which the Defendant went further than in the case before us, yet resulted in findings of no false imprisonment, are J. C. Penney Co. v. Romero, 318 S.W.2d 129 (Tex.Civ.App.1958) (ref. n. r. e.); Kress & Co. v. De Mont, Tex.Civ.App., 224 S.W. 520, (n. w. h.); Walker v. Martin, Tex.Civ. App., 129 S.W.2d 1149, (n. w. h.). These cases serve as guidelines, but naturally each case must stand or fall on its own facts.

Accepting the best of Appellants' evidence, and viewing it in its most favorable light, there is no evidence of any form of restraint as required by Art. 1169, definition of false imprisonment—assault, violence to the person, threats, or any other means. And if it can be said that there is some evidence of restraint or detention "by any other means", then there is still the requirement of Art. 1171 that the impediment must be one "from which he cannot by ordinary means relieve himself". The cited cases were all decided before the enactment of the above quoted Sec. 3 of Art. 1436e, and our research has found no cases

construing it. Under its provisions, if we assumed facts of some detention, there would be no liability for there is no evidence that such was not reasonable.

The judgment is affirmed.