GLOBE DISCOUNT CITY et al., Appellants,

v.

Myrtle K. LANDRY, Appellee.

No. 6047.

Court of Civil Appeals of Texas, Waco.

Nov. 15, 1979.

Rehearing Denied Dec. 27, 1979.

Frank Gibbs, D. Craig Olivier, Vinson & Elkins, Houston, for appellants.

Michael Y. Saunders, Rodney V. Steinburg, Helm, Pletcher, Hogan & Burrow, Houston, for appellee.

Before McDONALD, C. J., and HALL and JAMES, JJ.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Globe Discount City and Hilma Schulze from $35,-000 judgment against them in favor of plaintiff Landry, in a false imprisonment and malicious prosecution case.

Plaintiff Landry sued Globe Discount and its store detective, Ms. Schulze, for damages for false imprisonment and malicious prosecution, alleging: Plaintiff was shopping the Globe store December 8, 1975; that she took articles she intended to purchase to the checkout counter and placed them on the counter so the checkout girl could ring up the purchases; that after the articles were rung up plaintiff paid the amount the checkout girl said she owed and proceeded toward the exit; that she was forcibly stopped by defendant Schulze and accused of stealing a sweater; that she was detained and falsely imprisoned; that she was at the instance of Ms. Schulze placed under arrest by police officers; that defendants filed criminal complaint against her; that plaintiff plead not guilty, and on trial on March 2, 1976 was found not guilty; that plaintiff has suffered injury as a result of such occurrence; and damaged in the amount of $125,000.

Trial was to a jury which found:

1) Plaintiff was falsely imprisoned by the actions of the employees of Globe Discount on December 8, 1975.

2) Plaintiff was maliciously prosecuted by Globe Discount.

3) Plaintiff was damaged $35,000.

The trial court rendered judgment on the verdict for plaintiff for $35,000.

Defendants appeal on 10 points:

Point 1 asserts the trial court erred in refusing to admit testimony of Denise Carpenter of statements made by Brenda Durmon and Myrtle Landry in the presence of the store detective Hilma Schulze, as operative fact evidence limited to the issue of notice to Schulze of any such statements.

Plaintiff was shopping in the Globe store on the evening of December 8, 1975; she picked up a sweater, a sack of candy and other items. Ms. Schulze, the store detective, was watching her. When plaintiff checked out her purchases at the cash register the sweater was not rung up and paid for. Ms. Schulze approached plaintiff as he was leaving the store with the unpaid for sweater, detained her, and initiated criminal prosecution for attempted theft. On trial for this offense plaintiff was found not guilty.

Plaintiff testified that when she came to the checkout counter she laid all her items on the counter; that she noted the checkout girl did not ring up her candy and called this to her attention, that the sweater was laying with the other items; that she assumed it was rung up; that she paid the bill requested by the cashier; walked away and was stopped by Ms. Schulze.

Plaintiff has steadfastly denied that she had shoplifted and denied intentionally taking the sweater without paying for same.

Ms. Schulze testified she was watching plaintiff; that plaintiff put the sweater on the counter; that she heard plaintiff say, "you forgot my candy"; that after plaintiff paid the amount rung up by the cashier she put everything except the sweater in a bag; hung the sweater across her arm and proceeded to the door; that she [Ms. Schulze] stopped plaintiff; asked her, "if there was anything she had forgotten to pay for"; that plaintiff said no; that [Schulze] said, "Ma'am what about the sweater"; that plaintiff said the sweater was hers; [Schulze] asked if she had a sales receipt for it; then plaintiff tried to give the sweater to her; and plaintiff said, "the young lady forgot to ring it up". The sweater still had the price tag on it.

Ms. Schulze then took plaintiff to an office in the store and questioned her. Present in the room were plaintiff, Ms. Schulze, store employee Carpenter and checker Durmon. Plaintiff denied that she had shoplifted and denied intentionally stealing the sweater.

Ms. Schulze testified that when the four were in the office: Ms. Durmon, the cashier, stated that she, "asked [plaintiff] if the sweater was hers and she said yes"; that plaintiff then said, "No you didn't say that"; that Ms. Durmon then said she looked plaintiff in the eyes and said, "Yes I did. I asked if the sweater was yours"; and that plaintiff then responded, "Yes, yes, you did say that. You did say that".

Plaintiff testified that when she was going through the checkout the cashier [Ms. Durmon] did not ask her about the sweater; and that when she was in the office that she never admitted that she had been asked about the sweater.

Ms. Durmon was unavailable at trial.

The deposition testimony of Ms. Carpenter was offered in which Ms. Carpenter testified that she was in the [interrogation] room, that Ms. Durmon came into the room and that Ms. Durmon said to Mrs. Landry: "I asked you [at the cash register] if that was your sweater and Mrs. Landry said, yes, yes, you did".

The offered testimony was excluded as constituting hearsay.

The testimony was not offered for the purpose of proving the truth of the statements made by Ms. Durmon; but solely as evidence that some comments were made in front of Ms. Schulze (which whether true or false) became a part of her basis for deciding whether or not probable cause existed to initiate criminal prosecution.

Article 1d VATS gives a person *reasonably believing* another has stolen or is attempting to steal property the privilege of detaining that person in a reasonable manner for a reasonable time for the purpose of investigating ownership of the property.

The trial court instructed the jury that a merchant can only lawfully detain a customer when he has "reasonable ground to believe that a person has wrongfully taken merchandise" that a person "is falsely arrested for the crime of theft unless there is probable cause to believe that property is obtained without the owner's consent with the intent to deprive the owner of property"; and further that a person is maliciously prosecuted "when a criminal prosecution is pursued without probable cause and with malice; that probable cause means the existence of such facts and circumstances as would excite a reasonable belief in a reasonable mind that the person charged was guilty of the crime for which he was prosecuted"; and further that a person is not guilty of shoplifting unless "that person removes property with the intent to fraudulently take and deprive the owner of the value of the property".

Thus, Ms. Schulze, to cause the detention (and imprisoning) of plaintiff to be false; and the prosecution of plaintiff to be malicious, had to act without probable cause, and the existence of probable cause depended upon a reasonable belief from the facts and circumstances that the plaintiff was guilty.

■ In such a case the deposition testimony of Ms. Carpenter was admissible. Where the question is whether a party has acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence, and not hearsay. *McAfee v. Travis Gas Corp.*, 137 Tex. 314, 153 S.W.2d 442; *Allstate Ins. Co. v. Godwin*, Tex.Civ.App. (1 Houston) NWH, 426 S.W.2d 652; *Texas Employers Ins. Assn. v. McDonald*, Tex.Civ. App. (Austin) Er.Ref., 238 S.W.2d 817.

■ Ms. Schulze testified to the jury that Ms. Durmon, the cashier, stated in the interrogation room that she asked plaintiff at the checkout if the sweater was hers and plaintiff said yes. Plaintiff testified that Ms. Durmon did not ask her about the sweater at the checkout, and that she had never admitted that she had been asked about the sweater. Determination of Ms. Schulze's probable cause, depending upon a reasonable belief by her of plaintiff's intentionally taking the sweater, was before the jury. They were entitled to the evidence of Ms. Carpenter substantiating Ms. Schulze in making that determination. We think the excluded evidence was crucial and harmful, and that point 1 must be sustained and requires a reversal of the case.

Points 2 through 6 are no evidence points concerning Issues 1 and 2 and are overruled.

Points 7 through 10 complain of the charge and are not reached.

REVERSED & REMANDED.