Mary **MARTINEZ**, Appellant,

v.

**GOODYEAR TIRE & RUBBER CO.,** Appellee.

No. 04–81–00481–CV.

Court of Appeals of Texas, San Antonio.

March 23, 1983.

vating this form of indecency with a child from a third to a second-degree felony.

Charles A. Schmidt, San Antonio, for appellant.

Thomas H. Crofts, Jr., Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellee.

Before BUTTS, DIAL and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order sustaining defendant Goodyear Tire and Rubber Company's plea of privilege to be sued in Harris County, the county of its residence. Plaintiff, Mary Martinez, sued Goodyear for false imprisonment. In controverting defendant's plea of privilege, she relied at trial solely on subdivision 23 of article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). Her two points on appeal address error of the trial court in sustaining the plea. We affirm.

 That part of subdivision 23, *supra,* which applies in this case provides:

> Suits against a private corporation, association, or joint stock company may be brought . . . in the county in which the cause of action or part thereof arose. . . .

> \* \* \* \* \* \*

Venue is proper in the county where a plaintiff's cause of action or a part thereof arose. A "cause of action" consists of a plaintiff's primary right and the defendant's act or omission which violates such right. *Stone Fort National Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674, 676 (1936); *Ben Griffin Tractor Co. v. Garza,* 497 S.W.2d 69, 71 (Tex.Civ.App.—Fort Worth 1973, no writ); 1 R. McDonald, Texas Civil Practice § 4.30.2 (1981).

Relying upon subdivision 23, *supra,* an exception to the general venue rule that a defendant has the right to be sued in the county of his residence, a plaintiff must show by a preponderance of the evidence all of the elements of his cause of action against the corporate defendant whose plea of privilege is being contested. *Santleben v. Taylor-Evans Seed Co.,* 585 S.W.2d 784, 786 (Tex.Civ.App.—San Antonio 1979, no writ). Further, this must be the same cause of action alleged and relied upon in plaintiff's petition and controverting affidavit. *Lone Star Gas Co. v. Martin Linen Supply Co.,* 301 S.W.2d 243, 246 (Tex. Civ.App.—Eastland 1957, no writ). In the present case under subdivision 23 the plaintiff was required to prove all of the elements of false imprisonment, the cause of action against the corporate defendant, and that the cause of action arose in Bexar County. *Socony Mobil Co., Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257, 267 (Tex.Civ.App.—Corpus Christi 1974, no writ) and cases cited therein.

These elements must be proved in a cause of action for false imprisonment: (1) willful detention of the person; (2) against the consent of the person detained; and (3) without authority of law. *Cronen v. Nix,* 611 S.W.2d 651, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981). In an earlier case the court stated that false imprisonment meant

> ... the willful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper.

*Fort Worth Well Machinery & Supply Co. v. Waggoman,* 52 S.W.2d 306, 308 (Tex.Civ. App.—Fort Worth 1932), *reversed on other grounds,* 124 Tex. 325, 76 S.W.2d 1005 (1934).

The plaintiff was the only witness at the trial. After 5:00 p.m. on December 13, 1980, the plaintiff, with her husband, daughter, and aunt, drove to the Goodyear garage and store to have the car's oil changed. Martinez went into the store where Guy Anderson, the manager, was the only person present. She requested the automotive service. While he momentarily turned his back in order to look into the garage, she walked past an open cash drawer. When Anderson turned back to her to tell her the car could be serviced, she asked for directions to the restroom. When she returned in a few minutes, he asked her to sit down and remain in the store because he suspected she had taken money from the open cash register. He called the police, and a policewoman subsequently searched Martinez in the restroom but did not find any money. From her time of arrival at the store about 5:10 p.m. until her departure "from 6:30 to 7:00," her family also remained, although the record does not disclose their proximity to her during this time. It is clear that the manager of Goodyear never did question her.

Although on the one hand the plaintiff stated she could not leave the store and that she could not get up, she admitted on cross-examination that she never refused to wait, that she was waiting for the oil to be changed, and that she was not intending to leave the store. Conversely she testified that she felt she was detained and "could not leave the grounds."

Then again she said, "I wanted to prove I did not take it...." "To a certain degree," she said, the search was made of her own free will, "but I was forced, to a certain extent, to do it." She confirmed she never attempted to leave the store and that she wanted to prove her innocence. She agreed that she had never refused to be searched and that she had never been threatened with bodily harm, but she again stated she could not have left the store. The evidence does not disclose any overt act by plaintiff to call her husband or ask him for assistance, although the record shows he, the daughter, and aunt were on the premises.

When it is contended, as here, that an unlawful detention is created by threat,

the proof must show that the threat was such as would inspire in the threatened person a just fear of injury to his person, reputation, or property. *Black v. Kroger Co.,* 527 S.W.2d 794, 796 (Tex.Civ.App.—Houston [1st Dis.] 1975, no writ); *Kroger Co. v. Warren,* 420 S.W.2d 218, 222 (Tex. Civ.App.—Houston [1st Dist.] 1967, no writ). If a plaintiff voluntarily complies with a request to remain and establish his innocence, this has been determined not to give rise to a cause of action for false imprisonment. *J.C. Penney Co. v. Romero,* 318 S.W.2d 129, 131 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.); *Walker v. Martin,* 129 S.W.2d 1149, 1151 (Tex.Civ. App.—San Antonio 1939, no writ). The plaintiff's willingness to clear up the matter immediately in *Walker, supra,* led that court to decide there was no false imprisonment.

Even if the proof had been sufficient to show willful detention of Martinez against her consent, the first two elements of false imprisonment, there must still be demonstrated this was done without authority of law. Tex.Rev.Civ.Stat.Ann., art. 1d (Vernon Supp.1982) provides:

> A person reasonably believing another has stolen or is attempting to steal property is privileged to detain the person in a reasonable manner and for a reasonable period of time for the purpose of investigating ownership of the property.

The third element of false imprisonment, without authority of law, has been analyzed in Texas cases, and found to be a necessary element. *Globe Discount City v. Landry,* 590 S.W.2d 813, 815 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *Gibson Discount Center v. Cruz,* 562 S.W.2d 511, 513 (Tex. Civ.App.—El Paso 1978, writ ref'd n.r.e.).

Goodyear contends that under the provisions of article 1d, *supra,* its manager, Anderson, had a right to detain plaintiff for the purpose of investigating the alleged theft, and that the detention was in a reasonable manner and for a reasonable period of time.

 Only the plaintiff testified at the venue hearing. The order of the trial court

sustaining the plea of privilege contains no findings of fact upon which the order issued. Nor are there any statement of facts and conclusions of law made by the trial court. In these circumstances all issues on appeal must be presumed to have been found in such a way as to support the judgment of the trial court. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962); *Santleben v. Taylor-Evans Seed Co., supra,* at 786. The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil cases. If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. *Pesek v. Murrel's Welding Works, Inc.,* 558 S.W.2d 39, 43 (Tex.Civ.App.—San Antonio 1977, writ dism'd), *citing Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953). A review of the testimony of the plaintiff manifests some conflicts concerning plaintiff's detention, her consent, and whether the detention, if any, was reasonable. We accordingly find there exists in the record evidence of sufficient probative force to support the order of the trial court sustaining the plea of privilege and overrule plaintiff's two points of error.

Finding no merit in Goodyear's cross-point that Martinez did not comply with the provisions of Tex.R.Civ.P. 21c, 385 and 386 to perfect her appeal, we overrule the contention.

The order is affirmed.

TIJERINA, J., dissented without opinion.