**H.E. BUTT GROCERY COMPANY, Appellant,**

v.

**Diana SALDIVAR, Appellee.**

No. 13–87–352–CV.

Court of Appeals of Texas, Corpus Christi.

June 9, 1988.

Rehearing Denied June 30, 1988.

Roger W. Hughes, Leo C. Salzman, Harlingen, for appellant.

Menton Murray, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

OPINION

DORSEY, Justice.

Appellee, Diana Saldivar, brought suit against appellant, H.E. Butt Grocery Company, for false imprisonment. A jury found in favor of appellee and awarded her $10,000.00 for actual damages. In nine points of error, appellant complains the evidence is insufficient to support the judgment. We affirm.

On August 17, 1985, appellee and several members of her family entered appellant's store in Brownsville, Texas. After shopping for approximately thirty minutes, the group paid for their groceries and walked toward the exit. Appellee had a pair of sunglasses clipped on her blouse at the time. As she walked outside, a security guard tapped her on the arm and told her to come back into the store with him. When appellee asked why, the guard said it was because her sunglasses were "stolen." At that point, H.E.B. assistant manager Isabel Lopez approached the group and displayed a sales tag she had found which she claimed appellee had removed from the sunglasses.

Appellee, along with her mother, Minnie Saldivar, and two aunts, Nellie Cavazos and Oralia Cazarez, then re-entered the store. Nellie Cavazos began to loudly argue with the security guard, and demanded to speak to the manager. Appellee stood close by during the verbal altercation but said nothing.

The store manager that day was Carlos "Danny" Gregory. When he appeared, Cavazos demanded to know why appellee was being accused of theft. Gregory looked at the sunglasses, checked them against the glasses on display in the store, returned them to Cavazos and apologized. Appellee and her family then left the store.

■ The essential elements of false imprisonment are: 1) willful detention; 2) without consent; and 3) without authority of law. *Sears, Roebuck & Co. v. Castillo,* 693 S.W.2d 374, 375 (Tex.1985); *Moore's Inc. v. Garcia,* 604 S.W.2d 261, 263 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

Appellant's second point of error states the evidence is insufficient to establish that appellee was willfully detained by appellant's employees.

In considering a "no evidence", "insufficient evidence" or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960). In *Pool v. Ford Motor Co.,* the Texas Supreme Court held that an appellate court must "clearly state why the jury's finding is so factually insufficient or is so against the great weight and preponderance of the evidence as to be manifestly unjust: why it shocks the conscience." *Pool,* 715 S.W.2d at 635.

■ The evidence adduced at trial establishes that the security guard, Gustavo Mendez, stopped the appellee, accused her of theft, and told her to come to a "back room" with him. Although the parties never reached this room, it was undisputed that Mendez guided appellee back into the front of the store where she remained for several minutes while her aunt argued with various members of store personnel. We find these facts to be consistent with a willful detention. *See Moore's, Inc. v. Garcia,* 604 S.W.2d 261; *cf. Dominguez v. Globe Discount City, Inc.,* 470 S.W.2d 919 (Tex.Civ.App.—El Paso 1971, no writ) (security guard asking plaintiff to stop and open purse held not to be a restraint). Point of error two is overruled.

Points three and four allege the evidence is insufficient to establish that appellee did not consent to the detention.

During direct examination, appellee testified as follows:

Q: The security guard is there, Isabel is there, your relatives and little chil-

dren are all there. What happened next? Where did you go?

A: We went inside.

Q: Okay. Why didn't you just leave?

A: Because I didn't feel like I could.

Q: Why not?

A: Because he was accusing me of stealing a pair of sunglasses that were mine and—

Q: Well, you hadn't stolen them. Why didn't you just say "I'm leaving"?

A: Because I didn't feel like I could.

Q: Well, why couldn't you?

A: Because I felt like I had to, you know, prove that I didn't.

Appellant claims the detention was consensual because of appellee's assertions that she remained at the store in order to prove her innocence, citing *Martinez v. Goodyear Tire & Rubber Co.*, 651 S.W.2d 18 (Tex.App.—San Antonio 1983, no writ), *J.C. Penney Co. v. Romero*, 318 S.W.2d 129 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.), and *Walker v. Martin*, 129 S.W.2d 1149 (Tex.Civ.App.—San Antonio 1939, no writ).

In *Martinez*, the plaintiff entered a Goodyear garage and requested automotive service. When the garage manager turned his back, plaintiff walked by an open cash register and entered a restroom. When she returned, the manager asked her to sit down and remain in the store because he suspected she had stolen money from the register. He then called the police. At trial, the plaintiff testified that she never refused the manager's request to remain in the store, that she was waiting for the oil in her car to be changed, and that she had not intended to leave.

The San Antonio court held there was no false imprisonment because the plaintiff *voluntarily* complied with a request to remain and establish her innocence. *Martinez*, 651 S.W.2d at 21; *see also J.C. Penney Co.*, 318 S.W.2d at 131; *Walker*, 129 S.W.2d at 1151.

In the case at bar, a fact issue existed regarding whether appellee's compliance with the security guard's request to re-enter the store was indeed voluntary.

In *Black v. Kroger*, 527 S.W.2d 794, 800 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd), the court stated that in determining whether a person "could voluntarily have terminated" an interview or whether "she was so overawed and intimidated" by another's threats that she was not able to exercise her free will, the jury is "at liberty to consider not only the actual words spoken but the relative size, age, experience, sex, and physical demeanor of the participants."

■ Here, the appellee was a nineteen year old woman. The security guard was male, uniformed and armed. He accused the appellee of theft and told her to come back into the store with him. A commotion ensued which attracted the attention of other customers. We find that these facts, when coupled with the appellee's assertion that she "didn't feel like [she] could" leave, are sufficient to support the jury's finding that the appellee was detained without her consent. Points of error three and four are overruled.

■ Points five through nine state that the evidence is insufficient to prove appellant lacked authority to detain the appellee.

Tex.Civ.Prac. & Rem.Code Ann. § 124.001 (Vernon 1986) provides:

A person who *reasonably believes* that another has stolen or is attempting to steal property is privileged to detain that person in a reasonable manner and for a reasonable time to investigate ownership of the property. (emphasis added).

The foregoing law was included in the court's charge.

At trial, portions of Isabel Lopez's deposition were read into evidence. The deposition testimony revealed: 1) Lopez was the bakery manager at the time of the incident; 2) a general merchandise clerk approached her and told her a lady had taken a pair of sunglasses and removed the sales tag; 3) Lopez did not recall who the clerk was; 4) Lopez did not herself see the appellee take the sunglasses. Moreover, neither the clerk nor any other eyewitness to the theft testified at trial.

The appellee took the stand and stated that she never went near the sunglass display while she was in the store.

We conclude that a rational jury could have found from the foregoing evidence that appellant did not "reasonably believe" a theft had occurred and therefore lacked authority to detain the appellee. Points five through nine are overruled.

Appellant's first point of error states generally that there is insufficient evidence to support the jury's finding of false imprisonment. Having found the evidence sufficient with respect to each of the essential elements of false imprisonment, we overrule point one.

The judgment of the trial court is AFFIRMED.